IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CHRISTI D. WHITNEY,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 10-CV-721–FHM

## OPINION AND ORDER

Plaintiff, Christi D. Whitney, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's June 24, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held November 18, 2009. By decision dated January 28, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 17, 2010. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 21 years old on the alleged date of onset and 33 on the date of the ALJ's decision. She has a high school graduate education and no past relevant work. She claims to have been unable to work since August 1, 1998, as a result of depressive disorder and anxiety disorder.

## **ALJ's Decision**

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b) except she has a marked limitation on the ability to understand and remember detailed instructions, a marked limitation on the ability to carry out detailed instructions, and a marked limitation on the ability to interact appropriately with the general public. [Dkt. 10-2, p. 12]. Based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a

claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ: failed to properly consider medical source opinions; failed to propound a proper hypothetical question to the vocational expert; and failed to perform a proper credibility determination.

## **Analysis**

The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

### Consideration of Medical Source Opinions

The ALJ noted that Plaintiff's counselor, Ms. Wahnee, performed an evaluation on September 21, 2009 wherein she rated Plaintiff as having a Global Assessment of Functioning (GAF)[2] of 55. [Dkt. 10-2, p. 14]. The ALJ stated he gave Ms. Wahnee's evaluation a "substantially reduced weight" because she is not an acceptable medical source under 20 C.F.R. § 416.913. [Dkt. 10-2, p. 13-14]. Plaintiff argues that this was error because the ALJ did not list the factors he considered in determining the weight to accord Ms. Wahnee's evaluation. Notably the Plaintiff did not discuss Ms. Wahnee's

---

[2] The GAF score represents Axis V of the Multiaxial Assessment system. *See American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders* 25-30 (4th Ed. 1994). The axial system of evaluation enables the clinician to comprehensively and systematically evaluate a client. *See id.* at 25. The GAF rates the client's "psychological, social, and occupational functioning." *Id.* at 30. The GAF is not an absolute determiner of ability to work, but is evidence to be considered by the ALJ in making the disability determination. A GAF score of 51-60 indicates "[m]oderate symptoms," or "moderate difficulty in social, occupational, or school functioning." *American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders* (Text Revision 4th ed.2000) at 34.

3

evaluation or comment about how the ALJ's decision might have been different had he given it greater weight. The court has reviewed the records generated by Ms. Wahnee and cannot find anything within them that contradicts the ALJ's RFC finding. [Dkt. 10-7, pp. 91-93]. *See generally United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).

Plaintiff also argues that the ALJ erred in adopting the mental restrictions of the state agency reviewing mental health experts. The basis of the objection is that, according to Plaintiff, the reports contain inconsistencies because the reviewers found Plaintiff had a moderate limitation of concentration, persistence, or pace but did not assign a work-related limitation to that finding. [Dkt. 12, p. 4-5]. The court finds no inconsistencies and no error in the ALJ's acceptance of the reviewers' limitations.

The regulations make it abundantly clear that the ratings in assessing activities of daily living, social functioning, and concentration, persistence, or pace are not an evaluation of work-related impairments. Rather, consideration of these factors informs the determination of whether a mental impairment can be considered "severe" as the regulations define that term at step two of the evaluative sequence. 20 C.F.R. § 416.920a(c)(3), (4). Once it is determined that a mental impairment is severe, the analysis proceeds to a consideration of whether work-related activities are impacted by the mental impairment. 20 C.F.R. § 416.920a(d)(3). When the record supports mental functional limitations in work-related activities, those limitations are included in the RFC and are expressed in terms of the ability to do work-related activities, such as those suggested in 20 C.F.R. § 416.921(b): understanding, carrying out, and remembering simple instructions;

use of judgment; responding appropriately to supervisors, co-workers, and work situations; and dealing with changes in routine.

In this case, the state agency reviewing psychologist found that Plaintiff had moderate limitations in maintaining concentration, persistence, or pace, [Dkt. 10-7, p. 70], and as reflected in the Mental Residual Capacity Assessment, [Dkt. 10-7, pp. 56-57], the reviewer found that the limitation was manifest in the work-related limitation of a marked limitation in the ability to carry out detailed instructions. *Id*. at 56. Plaintiff has not demonstrated that this finding is not supported by the record.

Plaintiff asserts error based on the reviewer's failure to note that the consultative examiner observed that Plaintiff could not perform serial sevens subtractions well and that she could not draw intersecting pentagons accurately. There is no requirement that the reviewing psychologists recount a consultative examiner's observations *verbatim*. The narrative comments in the reviewer's report indicates that she considered the consultative examiner's findings. [Dkt. 10-7, p. 72].

## Hypothetical Questioning of Vocational Expert

The court rejects Plaitniff's assertion that the ALJ propounded an improper hypothetical question to the vocational expert. The ALJ instructed the vocational expert to assume the capacity to perform a full range of light work. [Dkt. 10-2, p. 42]. Plaintiff argues that the hypothetical question was improper because the question did not contain specific limitations for physical demands. "Light work" is a term of art defined in the regulations. 20 C.F.R. § 416.967. The term is thus one with which a vocational expert testifying at a Social Security disability hearing would be familiar. Furthermore, the record in this case does not support any work-related physical limitations, Plaintiff did not allege

5

any, and at the hearing Plaintiff's attorney made an opening statement arguing only mental issues. An ALJ is normally entitled to rely on the claimant's counsel to structure and present the case. See *Hawkins v. Chater,* 113 F.3d 1162, 1164 (10th Cir.1997). The ALJ is not required to address functions for which the record shows no impairment. *Rutledge v. Apfel*, 230 F.3d 1172, 1175 (10th Cir. 2000)(although the agency bears the burden of proof at step five to show that claimant has the RFC to perform available work in the national economy, that burden does not require the agency to address or assess exertional requirements for which the record provides no evidence of an impairment or limitation).

In posing the hypothetical question, the ALJ told the vocational expert to assume mental limitations consistent with the limitations of Exhibit 7F. [Dkt. 10-2, p. 42]. Exhibit 7 F is the Mental Residual Functional Capacity Assessment completed by medical consultant Sally Varghese, MD. [Dkt. 10-7, pp. 56-58]. Boxes are checked on the Assessment form indicating Plaintiff is markedly limited in the following areas:

> The ability to understand and remember detailed instructions;
> The ability to carry out detailed instructions; and
> The ability to interact appropriately with the general public.

*Id*. The narrative portion of the form contains the following information:

> Claimant can perform simple tasks with routine supervision.
>
> MSE exam shows that claimant's memory and concentration were adequate. She was able to follow a 3 step verbal command and a written one-step command. Claimant can relate to supervisors and peers on a superficial work basis. Claimant cannot relate to the general public. Claimant can adapt to a work situation.

*Id*. at 58. Plaintiff states that the ALJ erred in referring the vocational expert to an exhibit in posing the hypothetical question to the ALJ. Plaintiff does not elaborate on this

6

statement or demonstrate that any confusion or misunderstanding resulted from this action. Under the circumstances presented by this case, the court finds no error in the ALJ's manner of posing the hypothetical question to the vocational expert.

Credibility Determination

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). Plaintiff argues that the ALJ failed to perform a proper credibility determination both because he relied on "meaningless boilerplate" and because the reasons for the credibility decision were not supported by the record.

The undersigned finds that, while the ALJ's decision does contain boilerplate language, the ALJ also cited numerous grounds tied to the record for the credibility finding:

> The claimant's credibility is diminished substantially for the following reasons. She did not seek care for her alleged mental impairments for six months at one point with her excuse being several deaths in the family. If this had a significant effect on her she would have sought and used the treatment provided. . . . The claimant received very little treatment between 1994 and 2005. The treatment started only with the date she filed for disability. The medical notes concerning her mental impairments show no psychiatric or psychological evaluation. . . She also has significant and continuing activities of daily living in getting her kids off to school, preparing her lunch, driving an automobile, shopping, doing some housework. The claimant's medical records show very little if any treatment prior to 2005. Her treatment started at or after her filing date.

[Dkt. 10-2, p. 14].

7

The ALJ accurately recounted the medical record dated July 2, 2009, which reflected that Plaintiff has not had medication for about 6 months. [Dkt. 10-7, p. 85]. Plaintiff states that this entry must be a mistake because she was seen in the behavioral health clinic in May and June with no mention made of being without medications. Plaintiff cited to pages of the record that do not demonstrate the ALJ's statement was inaccurate. A June 22, 2009 record of the behavioral health clinic reflects screening for depression, alcoholism, drug abuse, and obesity. It has no reference to medications or any specific treatment. [Dkt. 10-7, p. 88]. The May records refer to a dental abscess, [Dkt. 10-7, pp. 89-90], and Plaintiff's cancellation of a behavioral health clinic appointment, [Dkt. 10-7, p. 95].

The court finds no error in the ALJ's reliance on Plaintiff's having sought little treatment prior to 2005. *Kepler v. Chater,* 68 F.2d 387, 391 (10th Cir.1995) (a claimant's failure to seek medical treatment may be considered when evaluating the credibility of the claimant's testimony as to the severity of an impairment). In addition, the court finds no error in the ALJ's failure to seek additional medical records. Plaintiff has produced no information to suggest that additional medical records were available. The remainder of Plaintiff's arguments concerning the credibility analysis reflect Plaintiff's disagreement with the weight the ALJ accorded factors he considered, but do not provide a basis for reversal.

The court finds that the ALJ properly linked his credibility finding to the record, therefore the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

**Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 29th day of February, 2012.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE